THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTIAN ARZOLA-MARTINEZ,<br><br>Defendant. | Crim. No. 07-121-2 (ADC) |

## OPINION AND ORDER

Before the Court is defendant Christian Arzola-Martinez's ("defendant") motion to reduce sentence pursuant to § 404 of the First Step Act of 2018, Pub. L. 115-391 (2018). **ECF No. 2980.** For the reasons below, defendant's motion is **DENIED**

In 2010, Congress enacted the Fair Sentencing Act to raise the threshold quantities of crack cocaine required to trigger harsher mandatory minimum sentences. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See also United States v. Concepción*, 991 F.3d 279, 283 (1st Cir. 2021) (stating Congress enacted the Fair Sentencing Act "to ameliorate sentencing disparities between similarly situated defendants convicted of drug-trafficking offenses involving crack cocaine, on the one hand, and powdered cocaine, on the other hand").

However, the Fair Sentencing Act did not apply retroactively, to defendants sentenced prior to August 2010. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). Thus, Congress enacted the First Step Act in 2018. *See* First Step Act of 2018, Pub. L. 115-391 (2018). Under that statute:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government,

or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010… were in effect at the time the covered offense was committed.

*Id.* at § 404(b). Thereby, the First Step Act effectively made the Fair Sentencing Act permissibly retroactive by giving courts discretion[1] to resentence defendants convicted of covered offenses and sentenced prior to August 2010.

Here, defendant does not qualify for a sentence reduction under the First Step Act because he was resentenced in 2014, when the Fair Sentencing Act was the law of the land. **ECF Nos. 2469** and **2472**. *See also Concepcion v. United States*, 142 S. Ct. 2389, 2406 (2022) (Kavanaugh, J., dissenting) ("First Step Act sentence-modification proceedings are available only for offenders who were sentenced before August 3, 2010.").

Thus, defendant's First Step Act motion must be denied.

I.   **Conclusion**

Based on the above, defendant's First Step Act motion (**ECF No. 2980**) is **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 5th day of October, 2022.

                                                          **S/AIDA M. DELGADO-COLÓN**
                                                          **United States District Judge**

---

[1] *See id.* ("A court … *may* … impose a reduced sentence …" (emphasis added)); *Concepción*, 991 F.3d at 286 (noting that the "First Step Act vests a district court with wide discretion about whether to reduce a defendant's sentence for a covered offense").